JOHN K. VINCENT
United States Attorney
JONATHAN B. CONKLIN
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272



FILED

Oct 31  10 57 AM '02

CLERK, U.S. DIST. COURT
EASTERN DIST. OF CALIF.
BY _____ AT FRESNO
            DEPUTY



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>LLOYD ALAN EMMERSON, a.k.a.<br>  "Lotus"<br>PAUL GORDAN WHITMORE,<br>BROOKE ROWLAND,<br>TRACY A. REYNOLDS, a.k.a<br>"Sitting Bull,"<br>LESLIE PETER BOWCUT,<br>MICHAEL DAVID HARLAND<br>HARRY ELDON TSCHERNETZKI,<br>JOHN ZILL,<br>CRAIG DAVIDSON,<br>EGGERT JENSEN,<br>BENTE JENSEN,<br>JEAN-MICHAEL FRANCES CATTIN<br>MARCEL EGLI,<br>DIRK-JAN PRINS,<br>PETER ALTHAUS,<br>JOSEPH PAUL DURBOROW, a.k.a.<br>  "Lazarus"<br>EDWIN BARTHOLOMEW, a.k.a.<br>  "EJ Bart,"<br>DANIEL BOOBAR, a.k.a.<br>  "Loltot"<br>JAMES EDWARD LEE, a.k.a.<br>  "Einstein," and<br>TRENT HARIACZYI<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CR. NO. F. 02-5301 OWW<br><br>VIOLATION: 18 U.S.C. § 2251(a)<br>and (d) - Conspiracy to<br>Sexually Exploit Children; 18<br>U.S.C. § 2251(b) - Sexual<br>Exploitation of Children; 18<br>U.S.C. § 2252(a)(2)- Receiving<br>and Distributing Material<br>Involving the Sexual<br>Exploitation of Minors' |

1

1

2     S U P E R S E D I N G     I N D I C T M E N T

3

4    COUNT ONE:        [18 U.S.C. § 2251 (a) and (d) - Conspiracy to
                       Sexually Exploit of Children]

5        The Grand Jury charges:

6
                            LLOYD ALAN EMMERSON,
7                           PAUL GORDAN WHITMORE,
                              BROOKE ROWLAND,
8              TRACY A. REYNOLDS, a.k.a "Sitting Bull,"
                            LESLIE PETER BOWCUT,
9                         MICHAEL DAVID HARLAND
                        HARRY ELDON TSCHERNETZKI,
10                             JOHN ZILL,
                            CRAIG DAVIDSON,
11                          EGGERT JENSEN,
                             BENTE JENSEN,
12               JEAN-MICHAEL FRANCES CATTIN
                             MARCEL EGLI,
13                       DIRK-JAN PRINS, and
                            PETER ALTHAUS,
14             JOSEPH PAUL DURBOROW, a.k.a.
                              "Lazarus"
15             EDWIN BARTHOLOMEW, a.k.a.
                             "EJ Bart,"
16               DANIEL BOOBAR, a.k.a.
                              "Loltot"
17             JAMES EDWARD LEE, a.k.a.
                           "Einstein," and
18                        TRENT HARIACZYI

19  defendants herein as follows:

20       I.   Introduction:

21       A.   Defendant's Residences:

22       1.   At all times relevant herein defendant LLOYD ALAN EMMERSON

23  resided in Fresno County in the State and Eastern District of

24  California.

25       2.   At all times relevant herein defendants PAUL WHITMORE AND

26  BROOKE ROWLAND resided in San Diego County in the State and

27  Southern District of California.

28       3.   At all times relevant herein defendant TRACY REYNOLDS,

2

a.k.a "Sitting Bull," resided in the State and Eastern District of Texas.

4.    At all times relevant herein defendant LESLIE PETER BOWCUT resided the State and District of Idaho.

5.    At all times relevant herein defendant MICHAEL DAVID HARLAND resided in the State and Southern District of Florida.

6.    At all times relevant herein defendant HARRY ELDON TSCHERNETZKI resided in the State and Western District of Washington.

7.    At all times relevant herein defendant JOHN ZILL resided in the State and District of South Carolina.

8.    At all times relevant herein defendant CRAIG DAVIDSON resided in the State and District of Kansas.

9.    At all times relevant herein defendant EGGERT JENSEN resided in the Country of Denmark.

10.    At all times relevant herein defendant BENTE JENSEN resided in the Country of Denmark.

11.    At all times relevant herein defendant JEAN-MICHAEL FRANCES CATTIN resided in the Country of Switzerland.

12.    At all times relevant herein defendant MARCEL EGLI resided in the Country of Switzerland.

13.    At all times relevant herein defendant DIRK-JAN PRINS resided in the Country of the Netherlands.

14.    At all time relevant herein defendant Peter Althaus resided in the Country Switzerland.

15.    At all times relevant herein defendant JOSEPH PAUL DURBOROW resided in the State and District of Utah.

16.   At all times relevant herein defendant EDWIN BARTHOLOMEW resided in the State and Northern District of Ohio.

17.   At all times relevant herein defendant DANIEL BOOBAR, a.k.a. "Loltot," resided in the State and Northern District of Texas.

18.   At all times relevant herein defendant JAMES EDWARD LEE, a.k.a "Einstein," resided in the State and Northern district of Indiana.

19.   At all times relevant herein defendant TRENT HARIACZYI resided in the State and Western District of New York.

B.   Defendant's Access to Children.

15.   At all times relevant herein numerous defendants gained access to children for the purpose of producing photographs of children engaged in sexually explicit conduct; many defendants were parents and child care providers of such children.

C.   Defendant's Access to Computers and the Internet.

16.   At all times relevant herein each defendant had access to a computer which was able, through the use of an Internet Service Provider (ISP) or other means, to access the Internet and therefore had an effect on interstate and foreign commerce.

II.   THE CONSPIRACY

17.   Beginning at a time unknown to the grand jury, but no later than on or about December 12, 1999, and continuing to on or about January 26, 2002,  the defendants, in the State and Districts and countries set forth in paragraphs one through fourteen above, and elsewhere, having access to minor children did, unlawfully combine, conspire, confederate and agree with each other, and with others both known and unknown to the grand jury, to knowingly

4

employ, use, persuade, induce, entice and coerce a minor to engage in, and assist any other person to engage in, sexually explicit conduct for the purpose of producing visual depictions of such conduct, the defendants knowing and having reason to know such depictions would be transported in interstate and foreign commerce and such depictions were produced using materials that had been shipped in interstate and foreign commerce and such depictions were actually transported across state lines and in Interstate commerce by any means including by a computer, to wit: the defendants, for reasons including but not limited to their own sexual gratification, did knowingly use and coerce minors of whom they had access and custody and control to engage in sexually explicit conduct and then did produce visual depictions of such conduct and then, using a computer and the Internet, as well as the United States Mail and other methods, did transmit such depictions to other members of the conspiracy, who were in locations including but not limited to the locations set forth in paragraphs one through fourteen above, all in violation of Title 18, United States Code, Section 2251(a) and (d).

III.   THE PURPOSE OF THE CONSPIRACY

18.   The purpose of the conspiracy was to sexually gratify the defendants by utilizing children for the production of images of such children and others engaged in sexually explicit conduct and to transmit such photos, in interstate and foreign commerce by any means, including but not limited to a computer and the Internet, among and between the conspirators and others both known and unknown to the grand jury.

//

5

IV.   MANNER AND MEANS

19. During the above-described time period, the defendants engaged in the production and distribution of images of minors engaged in sexually explicit conduct by the following manner and means:

a.   Taking and producing photographs of minor children engaged in sexually explicit activity.

b.   Transmitting such photographs among and between members of the conspiracy, and others known and unknown to the grand jury.

c.   Entering into oral and written agreements among members of the conspiracy and others known and unknown to the grand jury which agreements set forth the sexual acts in which members of the conspiracy and others desired to have the children engage.

d.   Communicating among and between each other, and others known and unknown to the grand jury, for the purposes of discussing the production of child pornography, including but not limited to discussions of sexual situations in which the defendant's desired minors to participate, discussions of specific photographs that would be produced or transmitted by members of the conspiracy and others known and unknown to the grand jury, and to arrange to have minors travel to and among conspirators, and others known and unknown to the grand jury, for the purpose of producing visual depictions of such minors engaged in sexually explicit conduct.

e.   Traveling to and between locations where members of the conspiracy and others known and unknown to the grand jury resided for the purpose of producing visual depictions of minor

6

children, who were in the custody and care of members of the
conspiracy, engaging in sexually explicit activity.

V.   OVERT ACTS

20. In furtherance of the conspiracy, and to accomplish the
objects thereof, the defendants, and others, performed some or all
of the following overt acts in the Eastern District of California
and elsewhere, any one of which is sufficient to establish the
conspiracy as alleged above:

Overt Acts Series One: On or about and between the dates set
forth below the defendants did transmit, via the Internet and other
methods, in interstate and foreign commerce, the following images
to and among each other and others known and unknown to the grand
jury.

Overt Act 1A: On or about and between August 2000 and January
26, 2002, defendant LLOYD EMMERSON transmitted and caused to be
transmitted, to defendants PAUL GORDAN WHITMORE, BROOKE ROWLAND,
MICHAEL DAVID HARLAND, LESLIE PETER BOWCUTT, EGGERT JENSEN, DIRK
JAN PRINS, JAMES EDWARD LEE, DANIEL BOOBAR, JOSEPH PAUL DURBOROW
and others known and unknown to the grand jury, photographs of
minor children, in the care and custody of defendant LLOYD ALAN
EMMERSON, engaged in sexually explicit conduct.

Overt Act 1B: On or about and between August 2000 and January
26, 2002, defendant PAUL GORDAN WHITMORE transmitted to defendant
LLOYD EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant
PAUL GORDAN WHITMORE, engaged in sexually explicit conduct.

Overt Act 1C: On or about and between May 2001 and January 26,
2002, defendant BROOKE ROWLAND transmitted to defendant LLOYD

7

EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant
BROKE ROWLAND, engaged in sexually explicit conduct.

Overt Act 1D:  On or about and between May 2000 and January
26, 2002, defendant TRACY REYNOLDS transmitted to defendant LLOYD
EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant
TRACY REYNOLDS, engaged in sexually explicit conduct.

Overt Act 1E:  On or about and between January 2000 and
January 26, 2002, defendant LESLIE PETER BOWCUT transmitted to
defendant LLOYD EMMERSON and others known and unknown to the grand
jury,  photographs of minor children, in the care and custody of
defendant LESLIE PETER BOWCUT, engaged in sexually explicit
conduct.

Overt Act 1F:  On or about and between August 2000 and January
26, 2002, defendant MICHAEL DAVID HARLAND transmitted to defendant
LLOYD EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant
MICHAEL DAVID HARLAND, engaged in sexually explicit conduct.

Overt Act 1G: On or about and between May 2000 and January 26,
2002, defendant HARRY ELDON TSCHERNETZKI transmitted to defendant
LLOYD EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant
HARRY ELDON TSCHERNETZKI, engaged in sexually explicit conduct.

Overt Act 1H:  On or about and between September 2000, and
January 26, 2002, defendant JOHN ZILL transmitted to defendant
LLOYD EMMERSON and others known and unknown to the grand jury,
photographs of minor children, in the care and custody of defendant

8

JOHN ZILL, engaged in sexually explicit conduct.

Overt Act 1I:   On or about and between December 1999 and January 26, 2002, defendant CRAIG DAVIDSON transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant CRAIG DAVIDSON, engaged in sexually explicit conduct.

Overt Act 1J:   On or about and between September 2001 and January 26, 2002, defendant EGGERT JENSEN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant EGGERT JENSEN, engaged in sexually explicit conduct.

Overt Act 1K: On or about and between September 2001 and January 26, 2002, defendant BENTE JENSEN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant BENTE JENSEN, engaged in sexually explicit conduct.

Overt Act 1L: On or about and between August 2001 and January 26, 2002, defendant MARCEL EGLI transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant MARCEL EGLI, engaged in sexually explicit conduct.

Overt Act 1M: On or about and between June 2001 and January 26, 2002, defendant JEAN MICHEAL CATTIN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant JEAN MICHAEL CATTIN, engaged in sexually explicit conduct, including but not limited to a photograph of a nude minor female hold a sign which read "Hello Lloyd."

Overt Act 1N:  On or about a date unknown to the grand jury and continuing to no later than on or about January 26, 2002, defendant DIRK JAN PRINS received from defendant LLOYD ALAN EMMERSON and others known and unknown to the grand jury, photographs of minor children, in the care and custody of defendant LLOYD ALAN EMMERSON, engaged in sexually explicit conduct.

Overt Act 1P:  On or about a date unknown to the grand jury and continuing to on or about January 26, 2002, defendant PETER ALTHAUS transmitted to defendant CRAIG DAVIDSON and others known and unknown to the grand jury, a photograph of minor children, in the care and custody of defendant PETER ALTHHAUS, engaged in sexually explicit conduct.

Overt Act 1Q:  On or about and between July 2000 and continuing to on or about January 26, 2002, defendant JOSEPH PAUL DURBOROW transmitted to defendant PAUL GORDAN WHITMORE and others known and unknown to the grand jury, a photograph of minor children, in the care and custody of defendant PAUL GORDAN WHITMORE, engaged in sexually explicit conduct.

Overt Act 1R:  On or about a date unknown to the grand jury and continuing to on or about January 26, 2002, defendant EDWIN BARTHOLOMEW transmitted and caused to be transmitted, to defendant LLOYD ALAN EMMERSON and others known and unknown to the grand jury, photographs of a minor child, in the care and custody of defendant EDWIN BARTHOLOMEW, engaged in sexually explicit conduct.

Overt Act 1S:  On or about a date unknown to the grand jury and continuing to on or about January 26, 2002, defendant JOSEPH PAUL DURBOROW requested and received from individuals known to him as "Einstein," "Komodo," "Highwayman," "Ratboy," "Hunter," and

others known and unknown to the grand jury, numerous photographs of minor children, in the care and custody of others, engaged in sexually explicit conduct.

Overt Act 1T:  On or about May of 2000 and continuing to a date no later than January 26 2002, defendant TRENT HARIACZYI requested and received from LESLIE PETER BOWCUT and others known and unknown to the grand jury, photographs of minor children, in the care and custody of others, engaged in sexually explicit conduct.

Overt Acts Series Two: On or about and between the dates set forth below the defendants did transmit, via the Internet and other methods, in interstate and foreign commerce, communications, including but not limited to e-mail communications and other forms of text messages, which communications discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2A: On or about a date unknown to the grand jury and continuing to on or about January 26, 2002, defendant LLOYD EMMERSON transmitted to defendants PAUL GORDAN WHITMORE, MICHAEL DAVID HARLAND, LESLIE PETER BOWCUTT, TRACY REYNOLDS and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2B: On or about and between August 2000 and September 30, 2001, defendant PAUL GORDAN WHITMORE transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually

11

explicit conduct.

Overt Act 2C:  On or about and between August 2000 and March 2001, defendant TRACY REYNOLDS transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2D:  On or about and between March 2000 and August 2000, defendant LESLIE PETER BOWCUT transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2E:  On or about and between August 1999 and November 2001, defendant HARRY ELDON TSCHERNETZKI transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2F:  On or about December 2000, defendant CRAIG DAVIDSON transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2G:  On or about and between September 2001 and October 2001, defendant EGGERT JENSEN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production

12

and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2H: On or about and between September 2001 and October 2001, defendant BENTE JENSEN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2I: On or about and between March 2001 and November 2001, defendant MARCEL EGLI transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2J: On or about and between May 2001 and June 2001, defendant JEAN MICHAEL CATTIN transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production and transmission of images of minors engaged in sexually explicit conduct.

Overt Act 2K: Beginning on or about July 2000, continuing to on or about January 26, 2002, defendant JOSEPH PAUL DURBOROW transmitted to defendant LLOYD EMMERSON and others known and unknown to the grand jury, communications which discussed, among other topics, the production of images of minors engaged in sexually explicit conduct.

Overt Act 2L: Beginning on or about March 2000, and continuing to on or about and September 26, 2001, defendant JAMES EDWARD LEE

transmitted to defendant LLOYD EMMERSON and others known and
unknown to the grand jury, communications which discussed, among
other topics, the production of images of minors engaged in
sexually explicit conduct.

Overt Act 2M: On or about November 22, 2000, defendant DANIEL
BOOBAR transmitted to defendant LLOYD EMMERSON and others known and
unknown to the grand jury, a communication which discussed, among
other topics, the "fictional account of an incestuous sexual
encounter between an adult male and an underage female."

Overt Act 2N: On or about May 2000, defendant TRENT HARIACZYI
transmitted to defendant LESLIE PETER BOWCUTT and others known and
unknown to the grand jury, a communication which discussed, among
other topics, the sexual abuse of a female minor that was in his
care and control.

Overt Acts Series 3: On or about and between the dates set
forth below, the defendants did engage, via the Internet and
Interstate and Foreign Commerce, in simultaneous communications,
commonly referred to as "Chat Sessions," for the purpose of
discussing, among other topics, the possession, production and
transmission of images of minors engaged in sexually explicit
conduct.

Overt Act 3A: On or about April 25, defendants MICHAEL DAVID
HARLAND and LLOYD ALAN EMMERSON did engage in a chat session as set
forth above.

Overt Act 3B: On or about December 28, 2000, defendant HARRY
ELDON TSCHERNETZKI and LLOYD ALAN EMMERSON, did engage in a chat
session as set forth above.

Overt Act 3C: On or about November 14, 2001, defendant HARRY

14

ELDON TSCHERNETZKI and LLOYD ALAN EMMERSON, did engage in a chat session as set forth above.

Overt Act 3D: On or about September 23 and 24, 1999, defendant DANIEL BOOBAR and MICHAEL DAVID HARLAND, did engage in a chat session as set forth above.

Overt Act 3E: On or about September March 26 and 27, 2000, defendant JAMES EDWARD LEE and LLOYD ALAN EMMERSON, did engage in a chat session as set forth above.

Overt Acts Series 4: On or about and between the dates set forth below the defendants did travel from the State and Eastern District of California to the State and Southern District of California for the purposes of producing visual depictions of minors engaged in sexually explicit conduct, which depictions were then exchanged  between and among the defendants and others known and unknown to the grand jury.

Overt Act 4A: On or about July 2001, Defendant LLOYD ALAN EMMERSON traveled from the State and Eastern District of California to the State and Southern District of California for the purpose of producing such visual depictions.

Overt Act 4B: On or about May 2001, Defendant PAUL GORDAN WHITMORE traveled from the State and Southern District of California to the State and Eastern District of California for the purpose of producing such visual depictions.

Overt Act 5: On or about September 28, 2001, defendants LLOYD ALAN EMMERSON and PAUL GORDAN WHITMORE created and entered into a written agreement which agreement set forth rules of conduct and expectations for such defendants and other defendants known and unknown to the grand jury, to follow when engaging in the sexual

15

exploitation of children for the purposes of producing visual depictions of such conduct.

Overt Act 6: On or about September 23, 2001, in the State and Southern District of California, defendant BROOKE ROWLAND, while in the bedroom of PAUL GORDAN WHITMORE'S, home, produced and caused to be produced a sexually explicit photo of himself posing naked with a minor female in his custody and control and at a later date did transmit such photograph to defendant LLOYD ALAN EMMERSON.

Overt Act 7: On or about November 14, 2001, in the State and Southern District of California, defendant BROOKE ROWLAND did send an e-mail communication to defendant JEAN MICHAEL CATTIN wherein he discussed "the club" and made reference to "PAUL"

Overt Act 8: On or about May 5, 2000, in the State and District of Idaho, defendant LESLIE PETER BOWCUT did send an e-mail to defendant PAUL DAVID WHITMORE wherein he discussed the arrest of defendant JOHN ZILL and a minor in the custody of ZILL.

Overt Act 9: On or about December 2000, defendant CRAIG DAVIDSON, in the State and District of Kansas, did send a communication to defendant LLOYD EMMERSON wherein he discussed photographing a minor child in his custody who was wearing item of clothing with a large hole located at or near the mid-part of her body, which photograph was later transferred in Interstate Commerce to defendant EMMERSON.

Overt Act 10: On or about February 10, 2001, in the State and Eastern District of California and elsewhere, defendant LLOYD ALAN EMMERSON did engage in an on-line communication with defendant EGGERT JENSEN wherein they discussed finding out "about a leak in the group."

Overt Act 11: On or about August 10, 2001, in the State and Eastern District of California and elsewhere, defendant LLOYD ALAN EMMERSON, for purposes including but not limited to his sexual gratification, did send a communication to defendant EGGERT JENSEN wherein EMMERSON requested an audio tape of a minor child in the care and custody of defendant JENSEN so that defendant EMMERSON could hear the child crying while the child was being spanked and otherwise abused.

All in violation of Title 18, United States Code, Section 2251 (a) and (d).

COUNT TWO:      [18 U.S.C. § 2251(b) - Sexual Exploitation of
                Children]

The Grand Jury further charges:   T H A T

LLOYD ALAN EMMERSON, and
PAUL WHITMORE,

defendants herein, on or about and between January 1, 2001 and January 26, 2002, in the County of Fresno, State and Eastern District of California, and the County of San Diego, State and Southern District of California, and elsewhere, being a parent and person having custody and control of a minor did knowingly permit such minor to engage in, and did assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such depiction would be transported in interstate and foreign commerce, and such visual depiction was produced using materials that had been transported in interstate and foreign commerce and such depiction was actually transported in interstate commerce by any means including by a computer, to wit: the defendant did knowingly permit minors of whom they had custody and control to

17

1  engage in sexually explicit conduct for the purpose of producing a

2  visual depiction of that conduct and knowing that such depiction

3  would be transported in interstate and foreign commerce, caused

4  that depiction to be transported via the Internet and a computer in

5  Interstate commerce to locations including but not limited to San

6  Diego, California, Idaho, Florida and Denmark, all in violation of

7  Title 18, United States Code, Section 2251(b).

8  COUNT THREE:   [18 U.S.C. § 2252(a)(2) - Receiving and Distributing
                   Material Involving the Sexual Exploitation of]
9                  Minors]

10     The Grand Jury further charges:   T H A T

11                    LLOYD ALAN EMMERSON,

12  defendant herein, on or about and between December 1999, and

13  January 26, 2002, in the County of Fresno, State and Eastern

14  District of California, and elsewhere did knowingly receive and

15  distribute, via computer, visual depictions, the producing of which

16  involved minors engaging in sexually explicit conduct, which

17  depictions had been transported in interstate commerce, to wit:

18  The defendant, using a computer and modem, received and

19  transported, via the Internet and interstate commerce, numerous

20  files, including but not limited to Computerized Graphic

21  Interchange Formats or Joint Photographic-Experts Group (GIF and

22  JPG files), all of which, as the defendant then knew, contained

23  visual depictions, the producing of which  involved the use of

24  ///

25  ///

26  ///

27  ///

28  ///

18

minors engaged in sexually explicit conduct as defined in Title 18,
United States Code, Section 2256, all in violation of Title 18,
United States Code, Section 2252(a)(2).

A TRUE BILL.

FOREPERSON

JOHN K. VINCENT
United States Attorney

By _____
   CARL M. FALLER, JR.,
   Assistant U.S Attorney
   Chief, Fresno Office

19